DECISION AND JOURNAL ENTRY
Gregory Gehris, Defendant, has appealed from the denial by the Wayne County Municipal Court of his application to seal the record. We reverse.
On August 10, 1999, Defendant filed an application with the Wayne County Municipal Court to seal his records pursuant to R.C.2953.52. The State did not object. Following a hearing, on October 6, 1999, the trial court denied Defendant's motion finding that the government's interest in maintaining the official records in this case outweighed Defendant's interests in having the record sealed. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court abused its discretion in denying [Defendant's] motion for the sealing of his official records.
In his assignment of error, Defendant has alleged that the trial court erred when it denied his motion to seal the records. We agree.
The legislature set forth the procedure through which the courts may seal the record following a dismissal of charges or a finding of not guilty in R.C. 2953.52. Pursuant to R.C. 2953.52:
 (A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
* * *
 (B)(1)Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
(2) The court shall do each of the following:
 (a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed * * *;
 (b) Determine whether criminal proceedings are pending against the person;
 (c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 (3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, the court shall issue an order directing that all official records pertaining to the case be sealed and that, except as provided in section of the Revised Code, the proceedings in the case be deemed not to have occurred.
We review the actions of the trial court under an abuse of discretion standard. State v. Zarbaugh (Aug. 11, 1994), Licking App. No. 94 CA 00018, unreported, 1994 Ohio App. LEXIS 3863, at *2. When reviewing the determinations of the trial court we must look at the "totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably." Id. at *3.
After reviewing the facts of this case and the totality of the circumstances surrounding the arrest of Defendant, this Court finds that the trial court did abuse its discretion in denying Defendant's motion to seal the record. On May 27, 1999, Defendant was exercising in Christmas Run Park, a public park in Wooster, Ohio. Defendant was attired in running shorts. A witness indicated that due to the length of the shorts, Defendant's private parts were periodically visible. The witness then went behind the Defendant while he was doing pull-ups and indicated she could see Defendant's pubic hair and genitals. After Defendant ignored the witness' request that he leave the park, the witness called the police. Defendant was charged with public indecency, in violation of R.C. 2907.09(A)(1). Following a jury trial Defendant was found not guilty. Following his acquittal, Defendant moved to have the record sealed. The trial court found that Defendant did not have any prior criminal convictions and he did he not have any pending criminal actions against him. The State did not oppose nor object to the sealing of the record. A probation officer, however, stated that the state had a legitimate interest in maintaining the records in this case. The probation officer did not give any reasons to support this statement but instead just recited the facts of the case. In light of the fact that neither the State nor the trial court pointed to any legitimate interest that would be advanced by maintaining such a record, the trial court abused its discretion in denying Defendant's motion. Defendant's assignment of error is sustained.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, WHITMORE, J., CONCUR,